IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KANDICE BROOKS, | ) | |
| | ) | Civil Action No.   22-802 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALLEGHENY COUNTY ADULT PROBATION, | ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, KANDICE BROOKS, by and through her attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action to redress the deprivation by the Defendant of the Plaintiff's civil rights, and in particular, the right to be free from illegal, invidious and damaging discrimination in her employment, which rights are guaranteed by the Constitution of the United States and the laws and statutes enacted pursuant thereto, and in particular, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. (as amended) ("Title VII"), the Civil Rights Act of 1991 (as amended). Declaratory relief is sought under, and by virtue of, Title 28 U.S.C. §§2201 and 2202.

2. Jurisdiction of this Honorable Court is founded upon Title 28 U.S.C. §§ 1331 and 1343(3), and by Title 42 U.S.C. §2000e.

3. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania and the Plaintiff resides in the Western District of Pennsylvania.

4. Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, and in particular:

    a. Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on or about June 30, 2021, and said charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

    b. Plaintiff received a Notice of the Right to Sue issued by the EEOC on March 15, 2022 and;

    c. Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Dismissal and Right to Sue.

## PARTIES

5. Plaintiff, Kandice Brooks, is an African-American female who resides in Allegheny County, Pennsylvania.

6. Defendant, Allegheny County Adult Probation, is a public agency with administrative offices located at 564 Forbes Avenue, Suite 1212, Pittsburgh, Pennsylvania 15219.

7. At all times relevant hereto, Defendant was acting though its partners, directors, agents, subsidiaries, officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

## FACTUAL ALLEGATIONS

8. Plaintiff has been employed by the Defendant since June 11, 2007. Plaintiff currently holds the position of Adult Probation Officer.

9. On or about March 12, 2021, Plaintiff applied for the position of Adult Probation Officer/Court Liaison.

10. The Adult Probation Officer/Court Liaison position would have provided the Plaintiff with the opportunity for professional growth and future promotional opportunities.

11. On or about April 12, 2021, Defendant's director, Frank Scherer ("Scherer"), informed the Plaintiff that she was not selected for the Adult Probation Officer/Court Liaison position.

12. At that time, Mr. Scherer told the Plaintiff that her education and experience were "impressive," but that the Defendant had selected another individual that was a "better fit" for the position.

13. Defendant selected a less experienced, less educated and less qualified Caucasian applicant, Becky Haggerty ("Haggerty").

14. Ms. Haggerty had previously held the position of Intake Clerk for the Defendant.

15. At the time that the Defendant selected Ms. Haggerty for the position of Adult Probation Officer/Court Liaison, she had never performed the job duties of Adult Probation Officer.

16. Plaintiff believes, and therefore avers, that she was discriminated against by the Defendant and not selected for the position of Adult Probation Officer/Court Liaison based on her race, African-American.

17. Plaintiff believes, and therefore avers, that the Defendant's conduct is part of a plan, pattern or practice of discrimination that may affect other similarly situated individuals.

18. As a direct and proximate result of the Defendant's actions, as more fully described hereinbefore above, Plaintiff has been adversely affected financially, professionally and emotionally.

## COUNT I:

## TITLE VII – RACE DISCRIMINATION

19. Plaintiff incorporates by reference Paragraphs 1 through 18 as though fully set forth at length herein.

20. As described hereinbefore above, Plaintiff was discriminated against based upon her race, African American, in that she was not selected by the Defendant for a position for which she was qualified. Defendant instead awarded the position to a less qualified, less educated and less experienced Caucasian applicant.

21. As a direct result of the Defendant's discriminatory actions and violations of Title VII of the Civil Rights Act of 1964, and The Civil Rights Act of 1991, the Plaintiff has lost wages and other economic and professional benefits of the position of Adult Probation Officer/Court Liaison. The Plaintiff has also incurred counsel fees and other costs in pursuing her legal rights.

22. The Plaintiff has also suffered emotional, psychological, and physical distress, inconvenience, suffering, loss of reputation, humiliation and embarrassment as a direct result of the Defendant's discriminatory conduct, as described above.

23. The actions of the Defendant, through its employees, were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

24. The actions on part of the Defendant are part of a plan, practice or pattern of discrimination which may affect others who are similarly situated to the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a. that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

    b.       that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

    c.       that the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant violation of the Civil Rights Act of 1991;

    d.       that the Court order the Defendant to award the Plaintiff the position she applied to before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendant's discriminatory conduct;

    e.       that the Court award the Plaintiff pre-judgment and post judgment interest from the date of the discrimination;

    f.       that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

    g.       that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED.

COUNT II:

PENNSYLVANIA HUMAN RELATIONS ACT

25.    Plaintiff incorporates Paragraphs 1 through 24 as though fully set forth at length herein.

26.    This is an action arising under the provisions of Pennsylvania law, to wit, Title 43 P.S. Section 951, et seq. (The "Pennsylvania Human Relations Act") and this Court has, and should exercise, pendent jurisdiction over the same because the cause of action complained of in this Count arises out of the same facts, events and circumstances as the other counts and therefore judicial economy and fairness to the parties dictate that this count be brought in the same Complaint.

27.     As described hereinbefore above, the Defendant discriminated against the Plaintiff based on her race, African American.

28.     By discriminating against the Plaintiff without just cause or legal excuse and solely because of her race and/or age, and by permitting the discrimination against the Plaintiff as aforementioned, the Defendant has violated the provisions of Title 43 P.S. Section 955 which prohibits discrimination based upon her race and age with respect to compensation for, continuation in and tenure of, employment as well as prohibiting the aiding and abetting of such discrimination.

29.     As a direct result of the Defendant's discriminatory actions and violations of the PHRA, the Plaintiff has lost wages and other economic and professional benefits of the position of Adult Probation Officer/Court Liaison. In addition, the Plaintiff has incurred counsel fees and other costs in pursuing her legal rights. The Plaintiff has also suffered from and continues to suffer emotional distress, inconvenience, humiliation, defamation of character, loss of standing among her peers and stress.

30.     As more fully set forth hereinabove, the Plaintiff has suffered, directly and solely as a result of the Defendant's discriminatory actions, great pecuniary loss and damage, as well as pain, suffering, inconvenience, damage to Plaintiff's reputation, and other damages which, together with the forgoing may be permanent in nature. Plaintiff now suffers these damages, and will continue to suffer the same for the indefinite future.

31.     The actions on the part of the Defendant, through its employees, were intentional and willful and/or done with a reckless disregard of the Plaintiff.

    WHEREFORE, Plaintiff requests the following:

    a.      that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative the PHRA

b.	that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c.	that the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant's actions being unlawful and violative of the PHRA;

d.	that the Court award the Plaintiff pre-judgement and post-judgement interest from the date of the discrimination;

e.	that the Court award the Plaintiff reasonable attorney's fees and costs of this action; and

f.	that the Court grant the Plaintiff such additional relief as may be just and proper.

					JURY TRIAL DEMANDED


			Respectfully submitted,

			LAW OFFICES OF JOEL SANSONE

			s/ Joel S. Sansone
			Joel S. Sansone, Esquire
			PA ID No. 41008
			Massimo A. Terzigni, Esquire
			PA ID No. 317165
			Elizabeth A. Tuttle, Esquire
			PA ID No. 322888
			*Counsel for Plaintiff*

			Law Offices of Joel Sansone
			Two Gateway Center, Suite 1290
			603 Stanwix Street
			Pittsburgh, Pennsylvania 15222
			412.281.9194

Dated: June 1, 2022